**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dawn Young, | No. CV-12-2302-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Liberty Mutual Group, Inc.; et al., | |
| Defendants. | |

Pending before the Court is Defendant Mike Dumas's Motion to Dismiss Plaintiff's Complaint against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5).

**I.    Background**

Plaintiff Dawn Young suffered an on-the-job injury and filed a claim with Defendant Liberty Mutual Group, Inc. ("Liberty Mutual") for worker's compensation benefits. Defendant Mike Dumas handled Ms. Young's worker's compensation claim as Liberty Mutual's claims adjuster. Although she eventually received at least some of the compensation to which she was entitled, Ms. Young experienced a great deal of difficulty working with Liberty Mutual.

Ms. Young brought this action in Arizona state court alleging a breach of the duty of good faith and fair dealing that resulted in wrongfully denied and unreasonably delayed benefit payments. (Doc. 1-1). She named Liberty Mutual and Mike Dumas as defendants, as well as several fictitious John Does and XYZ Corporations. (*Id.* at 2). Mr.

Dumas removed the action to this Court based on diversity of the parties. (Doc. 1).

The Complaint alleges three claims for relief. The first claim is alleged only against Liberty Mutual for breach of the duty of good faith and fair dealing. (Doc. 1-1 at 8–10). The second claim is alleged only against Mr. Dumas for aiding and abetting Liberty Mutual's breach of the duty of good faith and fair dealing. (*Id.* at 10–11). The third claim[1] alleges both Defendants are liable for punitive damages. (*Id.* at 11–12). The Complaint alleges Liberty Mutual is vicariously liable for the acts of its employees or agents such as Mr. Dumas, and that Liberty Mutual is directly liable for a breach of the duty of good faith and fair dealing. (*Id.* at 3–4). As for Mr. Dumas, the Complaint alleges only that he is "personally liable for his own acts and omissions insofar as he aided and abetted Defendant LIBERTY MUTUAL in its violations of the Arizona Worker' [sic] Compensation Act and the duties of good faith and fair dealing owed to Ms. Young." (*Id.* at 4). The only factual allegations in the Complaint are that an adequate investigation was not conducted and that Ms. Young's claims for payment were delayed and denied without any reasonable basis. (*Id.* at 6–7).

Mr. Dumas filed the present Rule 12(b)(6) Motion to Dismiss. (Doc. 5). Mr. Dumas argues he should be dismissed from this lawsuit because his actions are the sole basis for Plaintiff's claims against Liberty Mutual, and he took those actions as Liberty Mutual's agent. Even if Liberty Mutual breached its duty of good faith and fair dealing via Mr. Dumas's actions, he argues, one actor performing one set of actions cannot simultaneously form the basis for both primary and secondary liability. In other words, Mr. Dumas argues one cannot aid and abet one's self.

**II.    Federal Pleading Requirements**

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: (1) lack of a cognizable legal theory; or

---

[1] In the Complaint, the three claims are labeled "First Claim," "Second Claim," and "Fourth Claim." (Doc. 1-1 at 8, 10, 11). Because there are only three claims, the Court will refer to the claim labeled "Fourth Claim" as the third claim.

(2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**III.   A Secondary Act is Required to Aid and Abet a Primary Act**

In her first claim, Plaintiff alleges Liberty Mutual breached its duty of good faith and fair dealing via the actions of Mr. Dumas, who was acting as Liberty Mutual's claims

adjuster. For purposes of this Motion, the Court accepts that allegation as true. Her second claim alleges that Mr. Dumas, in his individual capacity, aided and abetted Liberty Mutual in breaching its duty of good faith and fair dealing to Ms. Young. In order to state a claim against Mr. Dumas, Plaintiff must allege facts sufficient to show that Mr. Dumas, as an individual, met the legal elements of aiding and abetting.

As a federal court sitting in diversity, this Court is bound to apply Arizona substantive law. *McClaran v. Plastic Indus.*, 97 F.3d 347, 356 (9th Cir.1996); *Kabatoff v. Safeco Ins. Co. of Am.*, 627 F.2d 207, 209 (9th Cir.1980) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *Yazzie v. Olney, Levy, Kaplan & Tenner*, 593 F.2d 100, 103 n. 4 (9th Cir.1979). "Arizona recognizes aiding and abetting as embodied in Restatement [(Second) of Torts] § 876(b), that a person who aids and abets a tortfeasor is himself liable for the resulting harm to a third person." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 23 (Ariz. 2002). In order for there to be harm to a "third person," there must be at least two tortfeasors. *See* Restatement (Second) of Torts § 876 cmt. a (1977) ("Whenever two or more persons commit tortious acts in concert, each becomes subject to liability for the acts of the others, as well as for his own acts."); *see also Gibson-Jones v. Berkel & Co. Contractors, Inc.*, 2008 WL 782568 (N.D. Cal. 2008) ("[A] single actor (as a matter of legal tautology) cannot aid and abet (or conspire with) itself.").

The Complaint alleges two "persons" are tortfeasors: Liberty Mutual and Mr. Dumas. The only factual allegations in the Complaint are that an adequate investigation was not conducted and that Ms. Young's claims for payment were delayed and denied without any reasonable basis. (Doc. 1-1 at 6–7). Taken as true, these facts could amount to a breach of the duty of good faith and fair dealing, which is a "tortious act." *See* Restatement (Second) of Torts § 876 cmt. a. Plaintiff explicitly alleges this tortious act was committed by Liberty Mutual—*not* by Mr. Dumas. (Doc. 1-1 at 8) (first claim for relief alleged only against Liberty Mutual); (Doc. 11 at 2) ("The only cause of action alleged against Dumas is for *aiding and abetting* Liberty Mutual's breach of the duty of

- 4 -

good faith and fair dealing."). In order for Mr. Dumas and Liberty Mutual to have committed "tortious *acts* in concert," there must be some factual allegation showing a separate tortious act was committed by Mr. Dumas. Because the Complaint alleges no such facts, Plaintiff has failed to state a claim against Mr. Dumas.

In her Response, Plaintiff relies on *Morrow v. Boston Mutual Life Insurance Company*, CIV. 06-2635PHXSMM, 2007 WL 3287585 (D. Ariz. Nov. 5, 2007), for the proposition that an insurer's agent may be held liable for aiding and abetting the insurer. Although *Morrow* supports that proposition, that proposition does not support Plaintiff's claim against Mr. Dumas. The plaintiff in *Morrow* was receiving monthly disability payments from his insurer. *Id.* at *1. The *Morrow* plaintiff claimed his insurer committed the tort of bad faith by purposefully hiring a biased medical examiner as part of a "claim termination scheme." *Id.* The *Morrow* plaintiff alleged the medical examiner committed the tort of aiding and abetting "by providing a biased and unsubstantiated opinion" of the plaintiff's health. *Id.* at *5. Thus, in *Morrow*, there were two tortious acts alleged: (1) purposefully hiring a biased examiner in bad faith; and (2) aiding and abetting the bad faith by providing a biased and unsubstantiated medical opinion. Each act was alleged against a different defendant. Here, Plaintiff alleges only one tortious act: failing, in bad faith, to conduct an adequate investigation and make timely benefits payments.

Plaintiff additionally relies on *Warner v. Southwest Desert Images, LLC*, 180 P.3d 986 (Ariz. Ct. App. 2008), for the proposition that an agent is not excused from responsibility for a tort merely because he is acting on behalf of his employer. Again, that proposition does not support Plaintiff's claim against Mr. Dumas. In *Warner*, a pest control company's employee sprayed chemicals that caused injury to the plaintiff. *Id.* at 991. On summary judgment, the trial court found the employee was negligent and the pest control company was vicariously liable under *respondeat superior*. *Id.* The issue of damages went to trial. Before the end of the trial, the trial court entered a directed verdict in favor of the employee on the basis that the company was clearly liable for the

employee's actions. *Id.* at 991–92. The Arizona Court of Appeals reversed the trial court's directed verdict against the employee, holding that *respondeat superior* liability is joint and several. *Id.* at 992; *see* Ariz. Rev. Stat. § 12-2506(D)(2); Restatement (Third) of Agency § 7.01 (2006). Unlike *respondeat superior*, which is a theory of vicarious liability, aiding and abetting is a theory of secondary liability. The *Warner* plaintiff claimed both the employer and the employee were liable for the employee's negligence. Plaintiff here claims only Liberty Mutual is liable for breach of the duty of good faith and fair dealing. Plaintiff's separate aiding and abetting claim against Mr. Dumas requires Plaintiff to allege Mr. Dumas took separate action "in concert" with the actions giving rise to Plaintiff's claim against Liberty Mutual. Plaintiff alleges no such action.

Finally, Plaintiff alleges Liberty Mutual has a "non-delegable duty of good faith and fair dealing," (Doc. 1-1 at 3–4), and suggests that "under Arizona law it is unlikely that Dumas *could* commit violations of the duty of good faith and fair dealing." (Doc. 11 at 3) (emphasis in original). It is true that, under Arizona law, an insurance carrier may not "escape liability" by delegating its duty of good faith and fair dealing to another. *Walter v. Simmons*, 818 P.2d 214, 223 (Ariz. Ct. App. 1991). However, it does not follow that Mr. Dumas must have committed the separate tort of aiding and abetting merely because he was the agent through which Liberty Mutual breached its duty. Indeed, Plaintiff argues that "[w]ithout Dumas's inadequate investigation and his refusal to make the required payments, Liberty Mutual would not have" committed a tort against Plaintiff. (Doc. 11 at 4). Thus, under Arizona law, Mr. Dumas and Liberty Mutual were acting as a single legal entity. *See, e.g.*, *Perry v. Apache Junction Elementary Sch. Dist. No. 43 Bd. of Trustees*, 514 P.2d 514, 517 (Ariz. Ct. App. 1973) ("[A]gents and employees of a corporation cannot conspire with their corporate principal or employer when acting in their official capacities on behalf of the corporation and not as individuals for their individual advantage."). Accordingly, because Plaintiff has failed to allege Mr. Dumas took any actions in his individual capacity "in concert" with the actions giving rise to Plaintiff's claim against Liberty Mutual, her aiding and abetting claim against Mr.

1. Dumas will be dismissed.

   Alternatively, Plaintiff has failed to allege facts sufficient to satisfy the elements of aiding and abetting. In Arizona, "a person who aids and abets a tortfeasor is himself liable for the resulting harm to a third person" when three elements are met: (1) the primary tortfeasor commits a tort that causes injury to the plaintiff; (2) the defendant knows that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant substantially assists or encourages the primary tortfeasor in the achievement of the breach. *Wells Fargo*, 38 P.3d at 23. Because Plaintiff's claim for breach of the duty of good faith and fair dealing is based entirely on Mr. Dumas's conduct—not Liberty Mutual's—Mr. Dumas could not have known that the primary tortfeasor's conduct constituted a breach of duty. Mr. Dumas could not have known about conduct that did not exist.

   **IV.     Punitive Damages Require an Underlying Tort**

   Plaintiff alleges Liberty Mutual and Mr. Dumas are liable for punitive damages. (Doc. 1-1 at 11–12). Mr. Dumas argues that he cannot be liable for punitive damages if, as the Court has found, Plaintiff has not adequately alleged a tort against him. (Doc. 5 at 6–7). Plaintiff does not dispute this contention.

   In Arizona, "before a jury may award punitive damages there must be evidence of an 'evil mind' and aggravated and outrageous conduct." *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 680 (Ariz. 1986). Punitive damages require evidence of "'something more' than the conduct necessary to establish the tort." *Rawlings v. Apodaca*, 726 P.2d 565, 577 (Ariz. 1986). Here, the only "conduct" alleged is against Liberty Mutual. Mr. Dumas cannot be liable for punitive damages unless he committed an underlying tort. Because Plaintiff has not adequately alleged a tort against Mr. Dumas, her claim for punitive damages against him must be dismissed as well.

   **V.     Conclusion**

   ///

   ///

Based on the foregoing,

**IT IS ORDERED** that Defendant Mike Dumas's Motion to Dismiss (Doc. 5) is granted.

Dated this 6th day of March, 2013.

James A. Teilborg
Senior United States District Judge