WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Dawn Young, | No. CV-12-02302-PHX-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Liberty Mutual Group Incorporated, et al., | |
| Defendants. | |

Before the Court are Defendant Liberty Mutual Fire Insurance Company's Motion to Seal Portions of its Motion for Summary Judgment and Supporting Documentation, (Doc. 148), and Plaintiff's Motion to Seal, (Doc. 153). The Court now rules on the motions.

**I.     Background**

The following brief recitation of facts is derived from the parties' redacted filings and appears to be undisputed. Plaintiff was injured in the course and scope of her employment and Defendant is the workers' compensation insurer for Plaintiff's employer. Plaintiff sought treatment from several different doctors, and Defendant objected to at least one change of physician. These disputes resulted in delayed payment of Plaintiff's workers' compensation claims, which is the basis of Plaintiff's bad faith and punitive damages claims in this Court.

Both parties' motions seek to file under seal documents that contain "Plaintiff's

1  medical history, conditions and treatment" in order to preserve Plaintiff's "privacy
2  interests."

3  **II.     Legal Standard**

4  It has long been recognized that the public has a general right of access "to inspect
5  and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435
6  U.S. 589, 597 (1978). This right extends to all judicial records except those that have
7  "traditionally been kept secret for important policy reasons," namely grand jury
8  transcripts and certain warrant materials. *Kamakana v. City & Cnty. of Honolulu*, 447
9  F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally
10 kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (citing
11 *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "[T]he
12 strong presumption of access to judicial records applies fully to dispositive pleadings,
13 including motions for summary judgment and related attachments," because "the
14 resolution of a dispute on the merits, whether by trial or summary judgment, is at the
15 heart of the interest in ensuring the 'public's understanding of the judicial process and of
16 significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting
17 Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). "A party
18 seeking to seal a judicial record then bears the burden of overcoming this strong
19 presumption by meeting the 'compelling reasons' standard." *Id.* at 1178 (citing *Foltz*, 331
20 F.3d at 1135). The party must "articulate compelling reasons supported by specific
21 factual findings that outweigh the general history of access and the public policies
22 favoring disclosure, such as the public interest in understanding the judicial process." *Id.*
23 at 1178–79 (internal quotation marks and citations omitted). Generalized statements
24 supporting sealing are inadequate; a party must articulate specific facts to justify sealing,
25 and must do so with respect to each item sought to be sealed, *id.* at 1183–84, and a court
26 deciding to seal judicial records must "articulate the factual basis for its ruling, without
27 relying on hypothesis or conjecture." *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d
28 1430, 1434 (9th Cir. 1995)).

1  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

### III. Analysis

The Ninth Circuit has not specifically considered whether the sensitive nature of medical information justifies sealing court documents,[1] and neither party has cited any authority supporting such a holding. For the following reasons, the Court holds that general privacy concerns do not justify sealing medical records which are central to the issues in the case.

Privacy is no doubt important, but a general appeal to the private nature of a document cannot, without more, justify sealing it. *See Kamakana*, 447 F.3d at 1179; *see also Krause v. Nev. Mut. Ins. Co.*, 2013 WL 3776146, at *5 (D. Nev. July 16, 2013) (citing *Kamakana*, 447 F.3d at 1179). Even embarrassing documents—which are perhaps quintessentially private—are not exempt from the public's right to access. *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). Indeed, because the purpose of sealing documents is to hide them from public view, some interest in privacy or confidentiality is at the heart of nearly every request to seal documents.

Moreover, because Plaintiff's case largely centers on her medical condition and various medical examiners' opinion of it, to allow all materials containing Plaintiff's medical information to be filed under seal "would effectively seal the entire case, and,

---

[1] Notably, the Ninth Circuit in *Kamakana* affirmed the district court's decision to unseal documents because the defendant "[had] not made the requisite showing of good cause except as to those documents containing Plaintiff's medical records." *Kamakana*, 447 F.3d at 1186. This is of little help here, however, given that the medical records were not at issue in that decision and that the Ninth Circuit afforded the trial judge below "considerable discretion." *Id.* (citing *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996)).

thus, would infringe too extensively on the public right to access court records." *Rock v. McHugh*, 819 F. Supp. 2d 456, 476 (D. Md. 2011). Even a quick glance at the redacted versions of the parties' briefs and supporting documents reveals that a large portion of the record relating to Defendant's motion for summary judgment would be inaccessible to the public were the Court to grant the parties' motions to file under seal. An invocation of general privacy rights cannot justify such a sweeping order.

In short, given the centrality of Plaintiff's medical condition to the case, Plaintiff's privacy interests are not a compelling reason to seal the records from public access. Accordingly, the Court will not seal materials containing Plaintiff's medical information.

Because the Court must deny the parties' motions to file under seal, the Court cannot at this time rule on the merits of the Defendant's underlying motion for summary judgment. Presumably the parties have attached to their briefs only those documents necessary to decide the particular motion at issue, and therefore the Court should not automatically exclude those documents by considering the redacted versions of the motions. Thus, the Court will deny Defendant's motion for summary judgment without prejudice and permit the parties to re-brief Defendant's motion for summary judgment in light of this Order.

Accordingly, within fourteen days from the date of this Order, Defendant shall submit its motion for summary judgment. Responsive and reply briefs will be due within the time period prescribed by Local Rule 7.2(c) and (d). Given that the Court will not allow documents to be filed under seal, when re-submitting their briefs, the parties must either (1) not use the documents they sought to file under seal in support of their filings or (2) file the documents not under seal.[2]

**IV.  Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant Liberty Mutual Fire Insurance Company's

---

[2] Additionally, if the parties believe that a document should be sealed solely because a non-relevant portion of that document contains confidential information, the parties should consider stipulating to the admissibility of a redacted version.

- 4 -

Motion to Seal Portions of its Motion for Summary Judgment and Supporting Documentation, (Doc. 148), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal, (Doc. 153), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment, (Doc. 149), is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** striking Docs. 151 and 154. These documents shall remain under seal.

**IT IS FURTHER ORDERED** that the oral argument set for January 15, 2015 is **VACATED**.

**IT IS FURTHER ORDERED** that the parties shall comply with the procedure as set forth in this Order concerning the briefing of Defendant's motion of summary judgment. Defendant shall file its motion for summary judgment within fourteen days from the date of this Order, with the response and reply due within the time period prescribed by Local Rule 7.2(c) and (d).

Dated this 4th day of December, 2014.

James A. Teilborg
Senior United States District Judge